UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANNA NELSON,     PLAINTIFF | CIVIL ACTION NO.: 4:13-cv-437 |
| VS. | |
| NCO FINANCIAL SYSTEMS, INC.     DEFENDANT. | JURY TRIAL DEMAND |

**COMPLAINT**

**INTRODUCTION**

1. The Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), restricts the use of automated equipment and prerecorded voice messages to dial cellular telephones. Calls to cell phones using predictive dialing equipment are prohibited unless the caller or creditor has the "prior express consent" of the called party to make the automated calls.

2. At some point in the past several years, defendant NCO Financial Services, Inc. (hereinafter referred to as "NCO") began calling plaintiff on her cellular telephone, using an "automatic telephone dialing system" and/or prerecorded voice. Plaintiff's records show 213 such calls in September, November and December 2011. There were certainly more calls than exist in plaintiff's log.

3. The TCPA was designed to prevent calls like these, and to protect the privacy of citizens like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow

consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ...  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

9. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by plaintiff within this District and defendant transacts business within this District.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Joanna Nelson is a natural person and a citizen of the State of Missouri who resides in this District.

11. Defendant NCO Financial Systems Inc. (hereinafter referred to as "NCO") is a Pennsylvania Corporation, doing business in the State of Missouri. NCO's Registered Agent is The Corporation Company, 120 South Central Ave., Clayton, Missouri 63105.

## FACTS

12. Defendant NCO called plaintiff's cellular telephone hundreds of times within four years of filing of this complaint using an automatic telephone dialing system and/or artificial or prerecorded voice.

13. Plaintiff has been substantially damaged by the illegal phone calls. They were charged for the calls, her privacy was improperly invaded and she was inconvenienced and forced to deal with unwanted telephone calls.

## COUNT I – TCPA

17. Plaintiff incorporates all previous paragraphs.

18. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone using an automatic telephone dialing system.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    A. Statutory damages pursuant to 47 U.S.C. §227(b)(3);

    B. An injunction against further violations pursuant to 47 U.S.C. §227(b)(3);

    C. A declaration that defendant's equipment and messages are regulated by the TCPA;

D. Costs of suit; and

E. Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joanna Nelson
**Joanna Nelson**

### BURKE LAW OFFICES, LLC

/s/  Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Fax: (312) 729-5289
Email: aburke@burkelawllc.com
Pro Hac Vice Application to be Filed

and

### HEALEY  LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone: (636) 536-5175
Fax: (636) 590-2882
Email: bob@healeylawllc.com
Co-Counsel for Plaintiffs

**DOCUMENT PRESERVATION DEMAND**

     Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                        /s/Alexander H. Burke